# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-1626/1713

_____

| | | |
|---|---|---|
| Steve Warnock, | * | |
| | * | |
| Appellee/Cross Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Charles Archer, Individually | * | |
| and as Superintendent; Charles Eads, | * | |
| Individually and as Principal; Gene | * | |
| Baldwin, Individually and as School | * | |
| Board President; David Smith, | * | |
| Individually and as member of the | * | Appeals from the United States |
| Board of Directors of the DeValls | * | District Court for the |
| Bluff, Arkansas Public School District | * | Eastern District of Arkansas. |
| and the DeValls Bluff Public School | * | |
| District; L. C. Holloway, Individually | * | [PUBLISHED] |
| and as member of the Board of | * | |
| Directors of the DeValls Bluff, Arkansas | * | |
| Public School District and the DeValls | * | |
| Bluff Public School District; Verna | * | |
| Gaddy, Individually and as member of | * | |
| the Board of Directors of the DeValls | * | |
| Bluff, Arkansas Public School District | * | |
| and the DeValls Bluff Public School | * | |
| District; Melvin Hula, Individually and | * | |
| as member of the Board of Directors of | * | |
| the DeValls Bluff, Arkansas Public | * | |
| School District and the DeValls | * | |
| Bluff Public School District; Vera | * | |
| Doepel, Individually and as member of | * | |
| the Board of Directors of the DeValls | * | |
| Bluff, Arkansas Public School District | * | |

and the DeValls Bluff Public School    *
District; Emma Gray, Individually and   *
as member of the Board of Directors of  *
the DeValls Bluff, Arkansas Public     *
School District and the DeValls Bluff    *
Public School District; DeValls Bluff   *
Public School District,                *
                                     *
        Appellants/Cross Appellees.  *

_____

Submitted:  January 9, 2006
Filed:  April 4, 2006 (corrected 4/7/06)
_____

Before WOLLMAN, JOHN R. GIBSON, and ARNOLD, Circuit Judges.
_____

PER CURIAM.

The DeValls Bluff School District, along with its employees and directors, are subject to an injunction that prohibits them from orchestrating or supervising prayers at school graduation or baccalaureate ceremonies. They appeal the order of the district court[1] holding them in contempt of that injunction. Steve Warnock cross-appeals, contending that the district court's order failed to impose sufficient sanctions on the defendants for the contempt. For the following reasons, we affirm.

Mr. Warnock previously brought a lawsuit against the defendants, challenging various practices of the DeValls Bluff School District on establishment-clause grounds. Ruling, in part, in Mr. Warnock's favor, the district court enjoined the defendants from, *inter alia*, "orchestrating or supervising or reciting prayers or other

_____

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

religious messages at graduation and baccalaureate ceremonies." Although the defendants unsuccessfully appealed other aspects of the district court's injunction, *see Warnock v. Archer*, 380 F.3d 1076, 1079 (8th Cir. 2004), they did not challenge its restrictions on graduation and baccalaureate ceremonies in that appeal, *id.* at 1079 n.1. While that appeal was pending, Mr. Warnock attended a baccalaureate ceremony at the DeValls Bluff High School auditorium that included an invocation and a benediction by local ministers. He then filed a motion asking the district court to find the defendants in contempt of the injunction. The district court granted the motion, concluding that school district employees had planned and supervised the baccalaureate ceremony at which the prayers were offered.

We review a district court's civil contempt order for an abuse of discretion, while reviewing the factual findings underlying that decision for clear error. *Jake's, Ltd. v. City of Coates*, 356 F.3d 896, 899 (8th Cir. 2004). After considering its well-reasoned opinion, we conclude that the district court did not abuse its discretion in holding the defendants in contempt. The defendants contend that the baccalaureate service was a student-organized event, but there was ample evidence on the record to demonstrate that school employees were involved with almost every aspect of the service's preparation. The court heard evidence that the school district paid two school employees to act as senior class sponsors: These sponsors met with DeValls Bluff seniors during school hours, where they supervised and advised on the planning of the baccalaureate service. It was these school employees who designed the service's program, typed it up, and copied it using school resources. And it was those same school employees who handed out the programs at the baccalaureate service. Faced with such facts, the district court was justified in concluding that the school district helped to "produce a service that continued the tradition of having local clergy offer prayers and religious messages" and in finding the defendants in contempt.

Mr. Warnock asks us to increase the severity of the sanctions that the district court imposed. As we have already noted, we will disturb the contempt order only if

it resulted from an abuse of discretion. Although the district court did not impose any monetary sanctions, it warned that further violations might well entail more severe consequences. The district court is in a better position than we to judge what sanctions are necessary to achieve compliance, and we discern no abuse of discretion here. We therefore decline the invitation to modify its order.

Affirmed.

_____