# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 07-3926/08-1397

———————

| | | |
|---|---|---|
| Union Electric Company, doing business as Ameren UE, | * * * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| James E. Devine, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: September 8, 2009
Filed: September 11, 2009

———————

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

———————

PER CURIAM.

In these consolidated appeals, James Devine challenges the district court's[1] (1) order and judgment holding him in contempt and imposing sanctions for violating a 2001 consent decree which required him to bring four boat docks located on a cove of the Lake of the Ozarks in Camden County, Missouri, into compliance with permits

———————

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

issued by Union Electric Company (UE) (No. 07-3926), and (2) order awarding attorneys' fees and expenses of $16,380.35 to UE (No. 08-1397).

Following careful review, we conclude that the district court did not clearly err in finding after three hearings and an inspection of the property in question that UE's evidence established that Devine had violated specific provisions of the 2001 consent decree, which provided for enforcement through contempt proceedings. We thus find no abuse of discretion with regard to the district court's judgment holding Devine in contempt and imposing sanctions, which were properly coercive and remedial rather than punitive. See Chaganti & Assoc., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006) (district court's imposition of civil contempt order and assessment of monetary sanctions reviewed for abuse of discretion); Warnock v. Archer, 443 F.3d 954, 955 (8th Cir. 2006) (per curiam) (factual findings underlying civil contempt order are reviewed for clear error); Jake's, Ltd. v. City of Coates, 356 F.3d 896, 901-902 (8th Cir. 2004) (contempt sanctions are civil if they are coercive and remedial, and criminal if they are punitive).

We further find no abuse of discretion in the award of reasonable attorneys' fees, which was also provided for in the consent decree. See Ollis v. HearthStone Homes, Inc., 495 F.3d 570, 576-77 (8th Cir. 2007) (standard of review).

Accordingly, we affirm both the contempt judgment and the fee-award order. See 8th Cir. R. 47B.

_____